01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09  UNITED STATES OF AMERICA,           )   CASE NO.: 05-442M
                                        )
10        Plaintiff,                     )
                                        )
11        v.                             )   DETENTION ORDER
                                        )
12  SHANE MENZEL,                        )
                                        )
13        Defendant.                     )
    _____  )
14

15  Offense charged:

16        Conspiracy to Import and Distribute Marijuana

17  Date of Detention Hearing:     September 14, 2005

18        The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and

19  based upon the factual findings and statement of reasons for detention hereafter set forth, finds

20  that no condition or combination of conditions which defendant can meet will reasonably assure

21  the appearance of defendant as required and the safety of other persons and the community.

22        FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

23        (1)     Defendant and two co-defendants are charged with conspiring to import and

24  distribute marijuana from Canada to the United States.  The Complaint alleges that on September

25  6, 2005, defendants McCluskey and Humphrey cleared a landing zone for a helicopter in a remote

26  area of Skagit County, Washington, and then drove separately to the area on September 7, 2005,

DETENTION ORDER                                                          15.13
18 U.S.C. § 3142(i)                                                     Rev. 1/91
PAGE 1

01   meeting a helicopter operated by defendant Shane Menzel.  The Complaint further alleges that

02   vacuum-sealed bags of marijuana were off-loaded from the helicopter, at which time the three

03   individuals were arrested.  This defendant is alleged to have reported that he participated in three

04   prior similar smuggles with Humphrey and McCluskey.

05        (2)     The allegations of the Complaint depict a sophisticated marijuana smuggling

06   operation that required careful planning and co-ordination, and the utilization of a Robinson R-22

07   helicopter entering United States airspace without permission, flying at a low altitude in order to

08   avoid detection.  The alleged admissions by defendant Menzel describe close  involvement by all

09   three defendants in this on-going scheme.  The AUSA proffers that federal agents had surveilled

10   a helicopter drop on five previous occasions, and that other landing areas had been cleared in the

11   vicinity as well.  The access of defendants to the considerable resources necessary to carry out the

12   scheme, and the inference that other individuals, still at large, must necessarily have been involved

13   in the scheme, leads to the conclusion that the defendants pose a significant risk of flight as well

14   as a risk of danger.

15        (3)     All three defendants are Canadian citizens, with significant ties to their communities

16   but no ties whatsoever to this District.  Mr. Menzel is trained as a helicopter pilot.  He has been

17   unemployed since approximately January of February 2005.

18        (4)     The AUSA argues that the quantity of marijuana involved in the conspiracy is in

19   excess of 100 kilograms, and therefore invokes the rebuttable presumption against defendant as

20   to both dangerousness and flight risk, under 18 U.S.C. §3142(e).  However, the undersigned has

21   not assumed the application of the rebuttable presumption in considering the government's motion

22   to detain the defendants.

23        (5)     The defendant poses a risk of nonappearance because he is not a United States

24   citizen, has no ties to this District, is unemployed, and is a licensed helicopter pilot.  The

25   sophisticated nature of the alleged enterprise, including the utilization of a helicopter, also leads

26   to that to the conclusion that this defendant poses a risk of nonappearance as well as a risk of

01 danger.

02   (6)  There does not appear to be any condition or combination of conditions that will

03 reasonably assure the defendant's appearance at future Court hearings while addressing the danger

04 to other persons or the community.

05 It is therefore ORDERED:

06   (1)  Defendant shall be detained pending trial and committed to the custody of the

07       Attorney General for confinement in a correction facility separate, to the extent

08       practicable, from persons awaiting or serving sentences or being held in custody

09       pending appeal;

10   (2)  Defendant shall be afforded reasonable opportunity for private consultation with

11       counsel;

12   (3)  On order of a court of the United States or on request of an attorney for the

13       Government, the person in charge of the corrections facility in which defendant is

14       confined shall deliver the defendant to a United States Marshal for the purpose of

15       an appearance in connection with a court proceeding; and

16   (4)  The clerk shall direct copies of this Order to counsel for the United States, to

17       counsel for the defendant, to the United States Marshal, and to the United States

18       Pretrial Services Officer.

19   DATED this  15th  day of September, 2005.

20

21                          Mary Alice Theiler

22                          United States Magistrate Judge

23

24

25

26

DETENTION ORDER                    15.13
18 U.S.C. § 3142(i)                    Rev. 1/91
PAGE 3